## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. CR-19-364-G** |
| | ) | **Case No. CIV-23-684-G** |
| ROLANDO CIFUENTES-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court are Defendant Rolando Cifuentes-Lopez's pro se Motion

Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 107) and

supporting Brief (Doc. No. 108).   The Government has filed a Response (Doc. No. 112).

After careful consideration of the parties' arguments, the relevant authorities, and the case

record, the Court determines that no evidentiary hearing is necessary and that the Motion

should be denied on the existing record.[1]

### I.    Background

On December 4, 2019, Defendant was charged via indictment with two counts of

child sex trafficking in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), and (c), 1594(a), and

2.   On March 9, 2020, Defendant pleaded guilty, and on April 16, 2021, the Court entered

judgment.   *See* J. (Doc. No. 54).   Defendant was sentenced to 292 months' imprisonment

on each count, to run concurrently, with the determination of restitution to be deferred.

---

[1] No evidentiary hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."   28 U.S.C. § 2255(b); *see also United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996).

*See id.* at 2-3, 7; 18 U.S.C. § 3664(d)(5). After the criminal sentence was affirmed by the Tenth Circuit Court of Appeals, *see United States v. Cifuentes-Lopez*, 40 F.4th 1215 (10th Cir. 2022), Defendant filed the instant § 2255 Motion.

On August 19, 2024, the Court granted the Government's restitution request. *See* Order of Aug. 19, 2024 (Doc. No. 119). That same date, the Court entered an Amended Judgment (Doc. No. 120) imposing a restitution award against Defendant. *See id.* at 7. Defendant appealed, arguing that the restitution award was improper. On April 14, 2026, the Tenth Circuit concluded that the Government had not presented sufficient proof of causation regarding restitution, reversed the restitution award, and remanded the case to this Court "for the sole purpose of vacating those portions of the judgment mandating restitution." *United States v. Cifuentes-Lopez*, No. 24-6177, 2026 WL 1004457, at *1 (10th Cir. Apr. 14, 2026). Mandate was issued on May 6, 2026. *See* Doc. No. 137.

The Court entered a Second Amended Judgment in accordance with the Tenth Circuit's mandate on July 17, 2026.

## II.     28 U.S.C. § 2255

Liberally construed, Defendant presents three grounds for relief in his § 2255 Motion. *See* Def.'s Mot. at 3-7; Def.'s Br. at 1-5. Under 28 U.S.C. § 2255, a prisoner in custody serving a federal sentence may move to vacate, set aside, or correct his or her sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Section 2255 is available

2

to correct errors of constitutional or jurisdictional dimension, or fundamental errors which result in a complete miscarriage of justice." *Brown v. United States*, 34 F.3d 990, 991 (10th Cir. 1994); *see also United States v. Addonizio*, 442 U.S. 178, 184-86 (1979).

III.    *Discussion*

A. *Ground One: Actual Innocence*

Citing the Fifth, Eighth, and Fourteenth Amendments, Defendant argues that his conviction is unconstitutional because he is actually innocent of his crimes.  *See* Def.'s Br. at 3-5.  Defendant "submits that he never sexually abused the two victims."  *Id.* at 4. Further, Defendant points to the "Video Conference Record" of the Court's October 21, 2022 restitution hearing as "significant new proof" that "the Trial Judge had reasonable doubt of [Defendant's] guilt."  *Id.*; *see* Oct. 21, 2022 Hr'g Tr. (Doc. No. 126).[2]

Defendant's claim is foreclosed by Tenth Circuit precedent, which holds that actual innocence is not, in and of itself, a cognizable basis for relief under 28 U.S.C. § 2255. *United States v. Durham*, No. CR-14-231-R, 2022 WL 16836977, at *3-4 (W.D. Okla. Nov. 9, 2022) (explaining that, while a claim of actual innocence can be used as a "gateway" to overcome a procedural bar, "'actual innocence does not constitute a freestanding basis for habeas relief'" (quoting *Farrar v. Raemisch*, 924 F.3d 1126, 1131 (10th Cir. 2019))).  Actual innocence therefore "cannot provide a substantive claim for relief from his conviction[]."  *United States v. Gabourel*, No. CR-15-172-D, 2022 WL 16702475, at *2 (W.D. Okla. Nov. 3, 2022).

---

[2] The hearing was conducted in the undersigned's courtroom; Defendant attended via videoconference pursuant to his written consent to do so.  *See* Doc. Nos. 80, 94, 101.

In addition, Defendant fails to specify what aspect of the restitution proceeding establishes his innocence.   The Court has reviewed the transcript of that hearing and discerns nothing therein from which a plausible suggestion can be made that the undersigned "had reasonable doubt of [Defendant's] guilt."   Def.'s Br. at 4; *see* Oct. 21, 2022 Hr'g Tr. at 4:4-59:25.   The Court is "not required to fashion Defendant's arguments for him where his allegations are merely conclusory in nature and without supporting factual averments."   *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

### B.  Ground Two: Due Process

Next, Defendant asserts that he was denied his Fifth Amendment right to due process with respect "to understanding charges against him" because, during the change of plea hearing, "no interpreter was explaining to him what exactly he was entering a plea to guilty to."   Def.'s Br. at 5 (capitalization omitted).   Defendant argues that, due to his "Spanish speaking background," he "never understood the charges, or the criminal proceeding alleged . . . , and never understood English."   *Id.*   The Government argues that Defendant fails to present an adequate basis to find that he was deprived of due process in this regard.   *See* Gov't's Resp. at 9.

The federal courts have recognized that "the general standard for the adequate translation of trial proceedings requires continuous word for word translation of everything relating to the trial a defendant conversant in English would be privy to hear."   *United States v. Joshi*, 896 F.2d 1303, 1309 (11th Cir. 1990) (citing *United States v. Lim*, 794 F.2d 469, 470 (9th Cir. 1986); *United States v. Tapia*, 631 F.2d 1207, 1209 (5th Cir. 1980); *United States v. Diaz Berrios*, 441 F.2d 1125, 1127 (2d Cir. 1971)).

> But minor deviations from this standard will not necessarily contravene a defendant's constitutional rights. The "basic constitutional inquiry" when determining the competency of interpretation is whether any in[]adequacy in the interpretation made the trial fundamentally unfair. An interpretation need not be verbatim to be constitutionally sound if it reasonably conveys the intent or the idea of the thought spoken. Mere interpretation "hiccups" do not create grave doubt about the fundamental fairness of a trial.

*United States v. Sandoval*, 154 F.4th 186, 194 (4th Cir. 2025) (alteration, citations, and internal quotation marks omitted).

Rita Lyons, a certified courtroom interpreter, was appointed for Defendant at his initial appearance in federal court. *See* Doc. No. 5. Ms. Lyons was present and served as the sworn interpreter at Defendant's change of plea hearing and at other proceedings. *See* Doc. No. 29; Mar. 9, 2020 Hr'g Tr. 3:15-4:3 (Doc. No. 68). At this proceeding, Ms. Lyons was directed to notify the Court if at any point she believed that she did not understand Defendant or that Defendant did not understand her. *See* Mar. 9, 2020 Hr'g Tr. 4:4-7.

At the change of plea hearing, the Court stated the criminal charges and explained what Defendant was alleged to have done. *See id.* at 5:18-6:15, 6:23-8:7. At no point did Ms. Lyons notify the Court of any lack of understanding between Defendant and her. Nor did Defendant or his counsel raise a translation issue, although they conferred or sought clarification on other matters. *See, e.g.*, *id.* at 12:22-13:11; *cf. United States v. Curtis*, No. CR-18-204-D, 2022 WL 1748259, at *5 (W.D. Okla. May 31, 2022) ("Defendant could have placed the issue of his competency before the Court . . . . He did not do so."). To the contrary, Defendant affirmed under oath that he "fully underst[ood] the charges" and wished to plead guilty on those charges. Mar. 9, 2020 Hr'g Tr. 8:8-10, 14:16-21, 14:25-

5

15:12. "A reviewing court is unlikely to find that a defendant received a fundamentally unfair trial due to an inadequate translation in the absence of contemporaneous objections to the quality of the interpretation." *Ramirez v. Price*, No. 93-1382, 1994 WL 704483, at *3 (10th Cir. Dec. 19, 1994) (internal quotation marks omitted).

Defendant therefore has not shown a lack of fundamental fairness and is not entitled to relief on this basis pursuant to § 2255.

### C. *Ground Three: Ineffective Assistance of Trial Counsel*

Defendant argues that his trial counsel rendered ineffective assistance during the sentencing proceedings in violation of the Sixth Amendment. *See* Def.'s Br. at 2-3. The Government responds that Defendant's claim of ineffective assistance is without merit because Defendant has failed to show that his counsel's performance fell below an objective standard of reasonableness. *See* Gov't's Resp. at 4-7.

To show that his counsel's performance was constitutionally ineffective, Defendant must demonstrate that the performance of counsel was deficient and that such deficiency prejudiced the outcome of the case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the first prong of the *Strickland* test, Defendant must show that counsel's performance was unreasonable under "prevailing professional norms." *Id.* at 688. The Supreme Court shuns specific guidelines for measuring deficient performance, as "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Id.* at 688-89. Defendant must overcome the presumption that the "challenged action 'might be

considered sound trial strategy.'"  *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  "For counsel's performance to be constitutionally ineffective, it must have been completely unreasonable, not merely wrong."  *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).

If Defendant shows deficient performance, he must also show prejudice by establishing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Id*. at 695.

The Court "may address the performance and prejudice components in any order" and "need not address both if [Defendant] fails to make a sufficient showing of one."  *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

Defendant first argues that his counsel performed deficiently by failing "to properly raise and reserve . . . issues during the sentencing hearing."  Def.'s Br. at 2.  Specifically, Defendant alleges that defense counsel "[f]ailed to present sufficient, credible evidence . . . that established existence of facts necessary to enable the court to conclude that the sentencing enhancements were improperly calculated by the Pre-Sentence report under his guidelines range."  *Id.* at 3.  The record reflects, however, that Defendant's counsel did object to the enhancements requested by the Government by submitting objections to the initial presentence report, filing sentencing memoranda, and presenting oral argument at the April 16, 2021 sentencing hearing.  *See* Final Presentence Rep. (Doc. No. 35) at 25-

7

26; Def.'s Sent'g Mem. (Doc. No. 44) at 3-6; Def.'s Suppl. Sent'g Mem. (Doc. No. 49) at 6-7; Apr. 16, 2021 Hr'g Tr. 20:9-22:23, 30:16-35:18, 38:17-39:15 (Doc. No. 69); *see also United States v. Clark*, 650 F. App'x 569, 571 (10th Cir. 2016) (rejecting the defendant's contention "that counsel was ineffective for failing to object to his criminal-history calculation" where the record showed that counsel did in fact object to the calculation).

Moreover, Defendant argued on his first appeal that the Court erred in applying two sentencing enhancements. *See Cifuentes-Lopez*, 40 F.4th at 1217. The Tenth Circuit considered and rejected Defendant's claim, holding that "the district court correctly applied the enhancements." *Id.* To the extent Defendant now references the same sentencing enhancements, he may not relitigate that claim via a § 2255 motion. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) (holding that the defendant's arguments were "previously considered and disposed of" on direct appeal and, "[t]herefore, [the defendant] may not raise these issues under § 2255").

Defendant next asserts that his attorney failed to properly litigate or preserve for appeal claims for relief based upon the events of the restitution hearing, during which (as discussed *supra*) the Court allegedly expressed doubt as to Defendant's guilt. *See* Def.'s Br. at 3 (arguing that "the Trial Judge stated on the record that he saw no evidence that would warrant prosecution of defendant"). Again, Defendant's underlying premise—that the restitution proceeding "demonstrate[s] that [Defendant] was innocent"—is not

reasonably supported by these conclusory allegations or by the transcript of that hearing.

Defendant also argues that, during the change of plea hearing, his defense counsel failed to properly communicate with the Court interpreter to ensure that Defendant fully understood "what exactly he was pleading guilty to."   Def.'s Br. at 3.   At the hearing, the Court, defense counsel, and the Government asked Defendant detailed questions regarding the factual basis of his guilty plea.   *See* Mar. 9, 2020 Hr'g Tr. 4:22-5:7, 15:17-18:8. During this line of questioning, Defendant conferred privately with his attorney at least once.   *See id.* at 16:22-25.   Although Defendant sought clarification at times, at no point did Defendant or Ms. Lyons indicate that Defendant was unable to understand the nature of the charges or any other information presented.

Therefore, on Ground Three, Defendant's "[c]onclusory allegations" and "vague descriptions of the alleged deficient performance" do not suffice to establish the deficiency prong of *Strickland*.   *United States v. Davis*, No. CR-16-119-R-7, 2018 WL 3077801, at *3 (W.D. Okla. June 21, 2018) (citing *Fisher*, 38 F.3d at 1147).   Defendant fails to overcome the presumption that his counsel's "challenged action[s] might be considered sound trial strategy" and therefore fails to establish ineffective assistance.   *Strickland*, 466 U.S. at 689 (internal quotation marks omitted).

CONCLUSION

For the reasons set forth above, Defendant Rolando Cifuentes-Lopez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 107) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a defendant.   A COA may issue only upon "a substantial showing of the denial of a constitutional right."   *See* 28 U.S.C. § 2253(c)(2).   "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).   Upon consideration, the Court concludes that the requisite standard is not met in this case.   Therefore, a COA is denied.

IT IS SO ORDERED this 21st day of July, 2026.

_____
CHARLES B. GOODWIN
United States District Judge